IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CV-15-FL

SHARON JAMES,                                    )
      Plaintiff,                            )
                                    )
            v.                               )
                                      )        **MEMORANDUM &**
                                      )        **RECOMMENDATION**
MICHAEL J. ASTRUE,                               )
Commissioner of Social Security,                 )
      Defendant.                           )
                                      )

      This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's 21 & 23). The time for the parties to file any further responses or replies has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-21) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-23) be DENIED. Specifically, it is RECOMMENDED that the matter be remanded to permit the ALJ to specifically describe and explain his findings with regard to Plaintiff's obesity

**<u>Statement of the Case</u>**

      Plaintiff filed an application for disability insurance benefits ("DIB") on October 26, 2005 alleging that he has been disabled since November 17, 2005. (Tr. 10). This application was denied initially and upon reconsideration. (Tr. 10). A hearing was held before an Administrative Law Judge ("ALJ"), who found Plaintiff was not disabled during the relevant time period in a decision

1

dated June 25, 2008. (Tr. 10-19). The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on December 11, 2008, rendering the ALJ's determination as Defendant's final decision. (Tr. 2-4). Plaintiff filed the instant action on February 17, 2009. (DE-6).

## **Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...
> Id.

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990).

2

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process which must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).
> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the five-step evaluation. First, the ALJ found that Plaintiff is no longer engaged in substantial gainful employment. (Tr. 12). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) fibromyalgia; 2) arthritis; and 3) anxiety/depression. (Tr. 12). In completing step three, however, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 12). No discussion of the Plaintiff's obesity was included in the ALJ's analysis of these impairments.

The ALJ then proceeded with step four of his analysis and determined that Plaintiff was not able to perform her past relevant work as a: 1) instructor; 2) food service supervisor; 3) nutritionist; and 4) maid. (Tr. 17). At step five, however, the ALJ found that there were jobs that Plaintiff could

3

perform and that these jobs existed in significant numbers in the national economy. (Tr. 17-18). Accordingly, the ALJ determined that Plaintiff was not under a disability at any time through the date of his decision. (Tr. 19). During the latter stages of the five-step evaluation, the ALJ's discussion of Plaintiff's obesity was minimal. Portions of Plaintiff's medical history relied shall now be summarized.

Plaintiff was treated at Onslow Carteret Behavioral Healthcare Services ("OCBHS"). (Tr. 140-188). On January 3, 2008 and May 13, 2008 it was noted that Plaintiff, who is 5'8", weighed 292 pounds. (Tr. 146, 152). Plaintiff weighed 293 pounds on December 3, 2007 (Tr. 158). Between March 1, 2007 and September 21, 2007 Plaintiff's weight fluctuated between 260 and 290. (Tr. 118, 166-180). During her treatment at OCBHS, reports consistently listed obesity as one of Plaintiff's general medical conditions. (Tr. 143, 149, 155, 161).

Southern Winds Internal Medicine also treated Plaintiff. (Tr. 189-218). Between October 18, 2007 and April 14, 2008 Plaintiff's weight fluctuated between 241 and 291 pounds. (Tr. 189-218). On April 24, 2007 Dr. Mark Hennessy prescribed Hoodia root extract for Plaintiff's weight management. (Tr. 201). Again on May 22, 2007 Dr. Mark Hennessy reiterated that Plaintiff "has already initiated Hoodia for weight management." (Tr. 200).

Dr. Ibikunle Ojebuoboh examined Plaintiff on June 6, 2006. (Tr. 232-234). During this examination Dr. Ojebuoboh noted that Plaintiff was 5'8" and weighed 274 pounds. Likewise, obesity was listed as one of Plaintiff's complaints. (Tr. 232).

On December 21, 2005, Plaintiff was examined by Dr. Ernest Younger. (Tr. 236-238). During this examination it was noted that Plaintiff had a history of obesity. (Tr. 238).

On a form analyzing Plaintiff's physical RFC that was completed on January 19, 2006,

4

obesity was listed as one of Plaintiff's alleged impairments.   (Tr. 272).

At step two of the five-step sequential analysis, the ALJ must consider the severity of an impairment both individually and in combination with other impairments.  Cook v. Heckler, 783 F.2d 1168, 1174 (4th Cir. 1986).  An impairment is "severe" unless it "has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984)(internal quotations omitted).  Thus, the severity standard is a slight one.  Stemple v. Astrue, 475 F. Supp. 2d 527, 536 (D. Md. 2007).

Here, the ALJ failed to specifically discuss Plaintiff's obesity when analyzing Plaintiff's impairments and resulting RFC, despite the fact that Plaintiff is consistently assessed with obesity throughout the medical record.  Accordingly, the undersigned will further analyze the ALJ's failure to specifically mention this impairment.  See Stemple, 475 F. Supp. 2d at 539-540 (references to weight in record sufficient to alert ALJ despite fact that claimant did not specifically claim obesity as and impairment).

Social Security Ruling ("SSR") 02-1p specifies that the ALJ must explain how conclusions regarding a claimant's obesity were reached.  SSR 02-1p, 2000 WL 628049 at *6-7 (S.S.A.).  The ruling further states that the existence of obesity is established by:

> generally rely[ing] on the judgment of a physician who has examined the claimant and reported his or her appearance and build, as well as weight and height.  Thus, in the absence of evidence to the contrary in that case record, we will accept a diagnosis of obesity given by a treating source or consultative examiner.
> Id. at *3.

5

As already mentioned, several diagnoses of obesity are contained in the record, and the undersigned finds that this standard has been met.

Descriptive terms for levels of obesity (e.g., "severe", "extreme," or "morbid") do not establish whether obesity is a severe impairment for disability purposes. *Id.* at*2. An individualized assessment should be done of the impact of obesity on an individual's functions when deciding whether the impairment is severe. *Id.* "Given the general 'duty of explanation' . . . an ALJ must . . . explain his conclusions regarding obesity at step two." Stemple, 475 F. Supp. 2d at 539, fn 31. This was not done by the ALJ in this case, as Plaintiff's obesity was not even mentioned by the ALJ during step two.

Obesity, even if not severe, can also be relevant at steps three and four of the sequential analysis. See 20 C.F.R. Pt. 404, Supt. P. App. 1, Section 1.00Q (2007)("when determining whether an individual with obesity has a listing-level impairment or combination of impairments . . .adjudicators must consider any additional and cumulative effects of obesity"). While there is no listing for obesity, obesity can increase the severity of coexisting or related impairments to the extent that the combination of impairments meets a listing. SSR 02-1p, 2000 WL 628049 at *5. See also Boston v. Barnhart, 332 F.Supp. 2d 879, 886 (D. Md. 2004). Again, Plaintiff's obesity was not analyzed by the ALJ during his step three and four analyses.

Accordingly, the undersigned finds that this matter should be remanded to allow more specific findings with regard to Plaintiff's obesity.

## Conclusion

For the reasons discussed above, it is HEREBY RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-21)be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-23) be DENIED. Specifically, it is RECOMMENDED that the matter be remanded to permit the ALJ to reevaluate the severity of Plaintiff's impairments, including obesity, at step two of the sequential analysis. Should the ALJ again find Plaintiff's impairments severe, either individually or in combination, Plaintiff's obesity should also be taken into account at steps three, four and five. The ALJ should explain how all of his conclusions, particularly those regarding obesity, are reached.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 3rd day of November, 2009.

_____
William A. Webb
U.S. Magistrate Judge